1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10                         **WESTERN DIVISION**

11

12  MARK FRICE,                    )     No. CV 09-4651 CW
                                   )
13                 Plaintiff,      )     DECISION AND ORDER
            v.                     )
14                                 )
    MICHAEL J. ASTRUE,             )
15  Commissioner, Social Security  )
    Administration,                )
16                                 )
                   Defendant.      )
17  _____ )

18

19      The parties have consented, under 28 U.S.C. § 636(c), to the

20  jurisdiction of the undersigned Magistrate Judge.   Plaintiff seeks

21  review of the Commissioner's denial of disability benefits.   As

22  discussed below, the court finds that the Commissioner's decision

23  should be reversed and this matter remanded for further proceedings.

24                       **I.   BACKGROUND**

25      Plaintiff Mark Frice was born on April 8, 1963, and was forty-

26  five years old at the time of his most recent administrative hearing.

27  [AR 23.]   He has a high school education and past relevant work

28  experience as a self-employed landscaper and corrections officer.

                              1

1  [Id.]  Plaintiff alleges disability on the basis of problems with his

2  ankles, feet, wrists, and hands. [AR 171, 192, 196, 198, 208, 210,

3  217, 220, 221, 223.]

4  ## II.  PROCEEDINGS IN THIS COURT

5       Plaintiff's complaint was filed on June 26, 2009.  On January 21,

6  2010, Defendant filed Plaintiff's Administrative Record ("AR").  On

7  March 31, 2010, the parties filed their Joint Stipulation ("JS")

8  identifying matters not in dispute, issues in dispute, the positions

9  of the parties, and the relief sought by each party.  This matter has

10  been taken under submission without oral argument.

11  ## III.  PRIOR ADMINISTRATIVE PROCEEDINGS

12       Plaintiff applied for a period of disability and disability

13  insurance benefits ("DIB") on March 13, 2006, alleging disability

14  since March 22, 2003.  [JS 2.]  Plaintiff met the insured status

15  requirements of the Social Security Act through March 31, 2008. [AR

16  20.]  After the application was denied initially and on

17  reconsideration, an administrative hearing was held on January 14,

18  2008, before an Administrative Law Judge ("ALJ").  [AR 27-28.]

19  Plaintiff appeared with counsel, and testimony was taken from

20  Plaintiff and a vocational expert. [Id.]  Because the ALJ retired, a

21  second hearing, through video, was held before a new ALJ on June 10,

22  2008. [AR 49-51.]  Plaintiff appeared with counsel, and testimony was

23  taken from Plaintiff and a vocational expert. [Id.]  The ALJ denied

24  benefits in a decision issued on June 24, 2008.  [AR 15-25.]  When the

25  Appeals Council denied review on February 5, 2009, the ALJ's decision

26  became the Commissioner's final decision.  [AR 11-14.]

27  ## IV.  STANDARD OF REVIEW

28       Under 42 U.S.C. § 405(g), a district court may review the

1    Commissioner's decision to deny benefits.  The Commissioner's (or
2    ALJ's) findings and decision should be upheld if they are free of
3    legal error and supported by substantial evidence.  However, if the
4    court determines that a finding is based on legal error or is not
5    supported by substantial evidence in the record, the court may reject
6    the finding and set aside the decision to deny benefits.  See Aukland
7    v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v.
8    Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240
9    F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094,
10   1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir.
11   1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada
12   v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

13        "Substantial evidence is more than a scintilla, but less than a
14   preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence
15   which a reasonable person might accept as adequate to support a
16   conclusion." Id.  To determine whether substantial evidence supports
17   a finding, a court must review the administrative record as a whole,
18   "weighing both the evidence that supports and the evidence that
19   detracts from the Commissioner's conclusion." Id.  "If the evidence
20   can reasonably support either affirming or reversing," the reviewing
21   court "may not substitute its judgment" for that of the Commissioner.
22   Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

### V.  DISCUSSION

### A.  THE FIVE-STEP EVALUATION

25        To be eligible for disability benefits a claimant must
26   demonstrate a medically determinable impairment which prevents the
27   claimant from engaging in substantial gainful activity and which is
28   expected to result in death or to last for a continuous period of at

least twelve months.  <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995, <u>as</u> <u>amended</u> April 9, 1996); <u>see</u> <u>also</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); <u>Tackett</u>, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  <u>Tackett</u>, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  <u>Tackett</u>, 180 F.3d at 1098 and n.3; <u>Smolen</u>, 80 F.3d at 1288.  If this burden is met, a <u>prima</u> <u>facie</u> case of disability is made, and the burden shifts to the Commissioner (at step five) to

4

1  prove that, considering residual functional capacity ("RFC")[1], age,

2  education, and work experience, a claimant can perform other work

3  which is available in significant numbers.  Tackett, 180 F.3d at 1098,

4  1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

5  **B.  THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

6  Here, the ALJ found that Plaintiff had not engaged in substantial

7  gainful activity since his alleged disability onset date (step one);

8  that Plaintiff had "severe" impairments, namely status post traumatic

9  sprain and torn ligaments of the ankle and surgical repair, with mild

10 talofibular arthritis and plantar fascitis (step two); and that

11 Plaintiff did not have an impairment or combination of impairments

12 that met or equaled a "listing" (step three).  [AR 20-21.]  The ALJ

13 determined that Plaintiff had an RFC to lift/carry twenty pounds

14 occasionally and ten pounds frequently; sit unlimited hours during an

15 eight-hour workday; stand or walk for four hours in an eight-hour

16 workday; never climb ropes, ladders or scaffolding; occasionally

17 crawl; occasionally climb stairs or ramps; occasionally balance, work

18 at heights, or walk on uneven terrain; perform no frequent running or

19 jumping; and never perform prolonged walking or standing; and needs

20 sit breaks from standing or walking for fifteen minutes each hour. [AR

21 21.]  Plaintiff's RFC precluded him from returning to his past

22 relevant work (step four). [AR 23.] The vocational expert testified

23 ———————————————

24    [1]  Residual functional capacity measures what a claimant can
   still do despite existing "exertional" (strength-related) and

25 "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155
   n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to
   work without directly limiting strength, and include mental, sensory,

26 postural, manipulative, and environmental limitations.  Penny v.
   Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155

27 n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a
   nonexertional limitation.  Penny, 2 F.3d at 959; Perminter v. Heckler,

28 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

that a person with Plaintiff's RFC and acquired work skills could perform work in the national economy, such as information clerk (step five). [AR 24.]  Accordingly, Plaintiff was found not "disabled" as defined by the Social Security Act. [AR 25.]

### C.  PLAINTIFF'S PRESENT CLAIMS

The parties' Joint Stipulation identifies the following disputed issues:

1.  "Whether the ALJ improperly rejected the opinions of Plaintiff's treating nurse practitioner and treating chiropractor under Social Security Ruling 06-3p";

2.  "Whether the ALJ failed in the duty to fully and properly develop the record by pursuing all relevant evidence";

3.  "Whether the ALJ failed to properly analyze the effects of Plaintiff's obesity on his physical impairments under SSR 02-1p";

4.  "Whether the ALJ's findings on Plaintiff's residual functional capacity is not supported by substantial evidence and whether the relied-upon hypothetical question to the vocational expert was incomplete and inaccurate"; and

5.  "Whether the ALJ improperly discredited the testimony of Plaintiff."

[JS 4.]

As discussed below, Issue Two is dispositive.

### D.  ISSUE TWO: DEVELOPMENT OF THE RECORD

#### Background

During the administrative hearing of June 10, 2008, Plaintiff testified that he had two surgeries for carpal tunnel syndrome approximately twenty years earlier. [AR 54.]  Plaintiff testified that

6

1   the condition was "still very painful." [Id.]   The ALJ next asked

2   Plaintiff who was treating him for that condition, and Plaintiff

3   responded, "I see my family doctor, Dr. Leese." [Id.]   Later in the

4   hearing, Plaintiff testified that he sees Dr. Leese "every three

5   months or so." [AR 69.]   He also testified that the carpal tunnel

6   surgeries gave him "[b]rief relief, and once I started activities, it

7   returned." [Id.]   Plaintiff specified that problems in his wrists and

8   arms precluded him from using a keyboard for more than ten to fifteen

9   minutes and from holding onto items. [AR 70.]

10       The record does not include any treatment records by Dr. Leese.

11   However, during the hearing, the ALJ asked Plaintiff's counsel whether

12   any additional records needed to be considered before a decision was

13   made, and counsel responded, "No, your honor." [AR 53.]

14       In the administrative decision, the ALJ found that Plaintiff's

15   carpal tunnel syndrome was a "medically determinable but not severe

16   impairment." [AR 21.]   In so finding, the ALJ acknowledged Plaintiff's

17   allegations that he had two surgical corrections for the condition and

18   that the condition was increasingly interfering with his manipulative

19   abilities. [Id.]   On the other hand, the ALJ determined that, "The

20   claimant has not sought or obtained ongoing care for this condition"

21   . . .  "which entirely undermines his complaints of a severe

22   condition." [Id.]   Accordingly, Plaintiff's carpal tunnel syndrome was

23   excluded at step two of the five-step disability evaluation. [Id.]

24           **Discussion**

25       Because the step two finding with regard to Plaintiff's claim of

26   carpal tunnel syndrome was based on an incorrect reading of

27   Plaintiff's testimony, reversal of the Commissioner's decision is

28   mandated.   The ALJ's determination that Plaintiff's carpal tunnel

7

1  syndrome was a medically determinable but not severe impairment

2  depended on the finding that Plaintiff "has not sought or obtained

3  ongoing care for this condition."  However, the hearing transcript

4  reflects that the ALJ specifically asked Plaintiff who was treating

5  him for this condition, and Plaintiff responded that it was Dr. Leese.

6  [AR 54.]  Under such circumstances, the court cannot determine that

7  the ALJ's decision is supported by substantial evidence, and reversal

8  for further proceedings is required.

9      Because the record contains no records by Dr. Leese, upon remand,

10 the record should be further developed as to this portion of

11 Plaintiff's claim.  See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.

12 1996)(ALJ has a "duty to fully and fairly develop the record and to

13 assure that the claimant's interests are considered")(quoting Brown v.

14 Heckler, 713 F.2d 441, 443 (9th Cir.1983)); see also Widmark v.

15 Barnhart, 454 F.3d 1063, 1069 (9th Cir. 2006)(ALJ has a duty to

16 develop the record where there is a "gap" in the medical evidence).

17 Although Defendant argues, in part, that the record was adequately

18 developed because Plaintiff's counsel indicated at the hearing that

19 there were no other records that needed to be considered before the

20 ALJ made his decision, this circumstance did not eliminate the ALJ's

21 duty to ensure that Plaintiff's interests were adequately considered.

22 See Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003)(ALJ has duty

23 to develop the record "'even when the claimant is represented by

24 counsel'")(quoting Brown, 713 F.3d at 443); see also Sims v. Apfel,

25 530 U.S. 103, 110-111, 120 S. Ct. 2080, 147 L. Ed. 2d 80

26 (2000)("Social Security proceedings are inquisitorial rather than

27 adversarial.  It is the ALJ's duty to investigate the facts and

28 develop the arguments both for and against granting benefits").

1   Accordingly, this issue calls for reversal of the Commissioner's
2   decision and for further proceedings to develop the record.
3           **E.   REMAND FOR FURTHER PROCEEDINGS**
4           The decision whether to remand for further proceedings is within
5   the discretion of the district court.  Harman v. Apfel, 211 F.3d 1172,
6   1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by
7   further proceedings, or where the record has been fully developed, it
8   is appropriate to exercise this discretion to direct an immediate
9   award of benefits.  Harman, 211 F.3d at 1179 (decision whether to
10  remand for further proceedings turns upon their likely utility).
11  However, where there are outstanding issues that must be resolved
12  before a determination can be made, and it is not clear from the
13  record that the ALJ would be required to find the claimant disabled if
14  all the evidence were properly evaluated, remand is appropriate.  Id.
15  Here, as set out above, outstanding issues remain before a finding of
16  disability can be made.  Accordingly, remand is required.[2]
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24
25

26          [2]  None of the remaining issues raised by Plaintiff in the Joint
    Stipulation would warrant a finding of disability on the basis of the
27  current record even if resolved in Plaintiff's favor.  Accordingly,
    remand is the appropriate disposition of this appeal, and the court
28  does not need to reach the remaining disputed issues.

1

## VI.  ORDERS

2      Accordingly, **IT IS ORDERED** that:

3      1.    The decision of the Commissioner is **REVERSED**.

4      2.    This action is **REMANDED** to Defendant, pursuant to Sentence

5 Four of 42 U.S.C. § 405(g), for further proceedings as discussed

6 above.

7      3.    The Clerk of the Court shall serve this Decision and Order

8 and the Judgment herein on all parties or counsel.

9

10 DATED: January 10, 2011

11                                   CARLA M. WOEHRLE

12                              United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10